FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE

FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 24 P 12: 17

James M. Foley,
Petitioner

U.S. DISTRICT COURT
DISTRICT OF MASS.

vs

Crim. No. 02-CR-10233
Civ. No. 04-11048-WGY

United States of America,
Respondent

---

## PETITIONER'S MOTION FOR RECONSIDERATION AND

## SPECIFIC MEMORANDUM OF LAW IN SUPPORT OF

## PETITION FILED PURSUANT TO 28 U.S.C. § 2255

---

Now comes James Foley, proceeding In propria persona in
the above styled action and numbered cause, to be referred
herein after as ("Petitioner"), respectfully moving this most
honorable court for reconsideration of its June 1, 2004 decision
that was received by petitioner on or about June 3, 2004, dis-
missing the application pursuant to 28 U.S.C. § 2255. Petitioner
asserts that this memorandum of law will set forth specifics in
the attempt to provide clarity of the constitutional issues
raised in the application, in order to allow the court to view
the nature of the Fifth and Sixth Amendment arguments claimed.
In support of this motion and memorandum the petitioner submits
the following:

## PROCEDURAL BACKGROUND SUMMARY

The petitioner was charged under a criminal indictment returned by the grand jury sitting in the United States District Court for the District of Massachusetts, for the crime of Bank Robbery, in violation of 18 U.S.C. § 2113(A). After plea negotiations were entered by court appointed counsel, the petitioner plead guilty and was sentenced to the term of 151 months, on or about May 15, 2003. Although the petitioner contends in this pleading that he had requested counsel to file an appeal of the sentence, no appeal was filed.

After communicating with counsel of record, in relation to the status of an anticipated appeal, counsel instructed petitioner that he no longer represented him. Based upon this assertion by counsel, petitioner was compelled to obtain the assistance of a "Next Friend" to litigate his claims pursuant to 28 U.S.C. § 2255, but in his diligent attempt, he could not until now find a "Next Friend" that could properly litigate on his behalf. A hand written motion and request for the appointment of counsel was submitted with the application under 2255, specifically requesting the aide of counsel in the preperation of the memorandum of law in support of the petition pursuant to 28 U.S.C. § 2255.

On or about June 3, 2004, the petitioner received a hand-written opinion of this honorable court, dismissing the petition sua sponte, stating: "Petition dismissed sua sponte. This court

(2)

cannot entertain the described collateral attacks upon the
state court convictions and claim of ineffective assistance
finds for lack of a showing of prejudice - I would not have dep-
arted downward even had formal petition been made - if for no
other reason."

The petitioner respectfully asserts that upon this honor-
able court reviewing the specifics of the constitutional claims
as mentioned to, and presented by this litigator, this court may
deem to allow petitioner to proceed with a full and fair review
of same in the interest of fairness and justice.

## SUMMARY OF THE ARGUMENT(S)

The petitioner asserts that his claim of ineffective
assistance of counsel is presented through demonstrating a
cummulative effect of errors, in his assertion that petitioner's
Fifth, Sixth and Fourteenth Amendment rights were violated due
to substantially deficient performances of counsel.

The record of the proceedings reflect that there was a
question as to the history of mental illness that the petitioner
experienced. This documented history was prior to, during and in
relation to the actions that led to the charged offense. The
first concern, is that once counsel became aware of the poten-
tial issue of mental illness, or diminished capacity, on the
part of his client, counsel was responsible for moving to deter-
mine competency. Without the reliability of the question regard-
ing competency, there is the reasonable inferrence as to whether
the defendant entered a knowing, voluntary, and intelligent

(3)

waiver of his constitutionally protected rights.

Counsel of record made material misrepresentations of fact and law concerning the culpability and sentencing exposure that petitioner faced as a result of entering plea negotiations. It was asserted by counsel that petitioner would face in the range of Seventy (75) months as a direct result of entering into the plea negotiations with the government. This would be so, because counsel assured petitioner that he would aggressively argue for consideration of a downward departure for diminished capacity pursuant to Section 5K2.13 of the United States Sentencing Guidelines. Counsel also assured petitioner that he would argue for consideration of a downward departure for pre conviction, post offense rahabilitation. It was further asserted that if the court chose not to depart on the above stated grounds, the petitioner had the right to challenge the unconstitutional state conviction, used as a predicate.

Finally, it was requested by the petitioner that if the honorable court failed to consider the state conviction, or downward depart for the above stated grounds, that an appeal be filed. Counsel assured petitioner that he would in fact file the requested appeal if the results were different than proposed. Counsel's failure to file the anticipated appeal gives rise to petitioner seeking to litigate his claims to this most honorable court by way of 28 U.S.C. § 2255.

It is respectfully prayed that this honorable court move to reconsider allowing the collateral attack to proceed, by

(4)

vacating its June 1, 2004 decision and compelling the govern-
ment to respond to the claims argued herein. The petitioner also
prays that after all of the motions are filed and considered,
that an evidentiary hearing be held so that testimony can aide
in the determination and extent of counsels omissions resulting
in the asserted violations of petitioner's constitutional rights
under the Fifth and Sixth Amendments.

### I. WHETHER THE EVIDENCE OF PAST AND PRESENT DIMINISHED MENTAL CAPACITY AND/OR ILLNESS REQUIRED A COMPETENCY EVALUATION BEFORE THE COURT COULD REASONABLY ACCEPT A PLEA FROM THE PETITIONER

The conviction of a legally incompetent defendant or the
failure of the trial court to provide an adequate competency
determination violates due process by depriving the defendant of
his constitutional right to a fair trial. The law in this
circuit is well settled, that incompetency is distinct from the
insanity defense because it involves the defendant's mental
state at the time of trial rather than at the time of the off-
ense. See United States v. Santos, 131 F.3d 16, 20 (1st Cir.
1997).

The record reflects that the petitioner had a history of
mental illness that was documented prior to the instant offense
and conviction. In fact, during the plea colloquy the petitioner
instructed the court that he was currently taking a series of
medications in this regards. For this the Drope, standard was
applicable. See Drope v. United States, 362 U.S. 402 (1960)(per
curiam). In Drope, the Supreme Court explained the test for

(5)

competency: a trial court must determine whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." The competency standard for standing trial is the same as the standard for pleading guilty, or waiving the right to counsel. See United States v. Klat, 156 F.3d 1258, 1262-64 (D.C. Cir. 1998)(error when trial court allowed defendant to waive right to counsel before competency hearing because defendant's competency was under question).

It must be noted that the petitioner places no blame on this honorable court, but towards counsel for not following through with his assertions to present this viable issue before the court. Even if the trial court denies an initial motion for a psychiatric examination, changed circumstances may require the court to grant a later motion. Based on a careful review of the record, the petitioner prays that the most honorable court move to grant an evidentiary hearing in this regards.

## II. WHETHER COUNSEL'S MATERIAL MISREPRESENTATIONS OF FACT AND LAW IN COMPELLING PETITIONER TO PLEAD GUILTY EFFECTED THE PETITIONER'S RIGHT TO ENTER INTO A KNOWING VOLUNTARY AND INTELLIGENT WAIVER OF HIS CONSTITUTIONAL RIGHTS.

A defendant may enter a plea of guilty. By pleading guilty, the defendant admits all of the elements of the charged crime. United States v. Carvell, 74 F.3d 8, 14 (1st Cir. 1996)(guilty plea encompasses all factual and legal elements necessary to

(6)

sustain judgment; sentence and appeal limited to validity of
plea and plea hearing). Because a defendant waives many consti-
tutional rights by pleading guilty, the plea must be entered
knowingly and voluntarily, with the advise of competent counsel.
In addition, the defendant must be competent to enter a guilty
plea.

Petitioner makes the assertion that counsel instructed him
that he would argue in his best interest, and that he could at
least petition the court to consider a 75 month sentence, after
consideration is given for departures. In fact the record does
demonstrate that counsel, when asked by this honorable court
what sentence he recommended counsel stated "Half of 151 months."
Counsel then proceeded to remain silent on the very same issues
that he assured petitioner, before negotiating the plea, that he
would argue under his adversarial relationship.

The petitioner prays that this most honorable court will
move to grant an evidentiary hearing in regards to the promises
made by counsel that were used to induce the guilty plea, to
avoid a complete miscarriage of justice.

### III. WHETHER COUNSEL FAILURE TO HONOR THE SPECIFIC REQUEST OF PETITIONER TO FILE A DIRECT APPEAL CONSTITUTES A VIOLATION OF PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

The petitioner argues that he made his intentions known to
counsel, that he wished to prosecute an appeal, if the court
did not grant the departures that counsel asserted he would ask

for. Regardless of the omissions of counsel, petitioner made a diligent attempt to have counsel follow up with an appeal, only to be instructed that counsel no longer represented the petitioner after the sentencing hearing was over.

The First Circuit has held that failure to file a notice of appeal is per se ineffective assistance of counsel. See Bonneau v. United States, 961 F.2d 17, 22 (1st Cir. 1992)(holding that a petitioner who is "deprived of his constitutional right to appeal because of dereliction of counsel ... must be treated exactly like any other appellant appealing for the first time"). The conflict even between competing affidavits is one that cannot be resolved on the record. Cf. Gallego v. United States, 174 F.3d 1196, 1198 (11th Cir. 1999) ("[W]e cannot adopt a per se 'credit counsel in case of conflict rule,' which allows that in any case where the issue comes down to the "bare-bones testimony" of the defendant against the contradictory testimony of counsel, defendant is going to lose every time.").

Based upon the promises of counsel, but most importantly counsel's failure to prosecute an appeal in his attempt to build up reasons how and why the petitioner would gain one way or another a favorable sentence, the petitioner prays that this most honorable court will move to vacate that conviction and sentence and allow the petitioner the right to a delayed appeal after holding an evidentiary hearing in the interest of fairness and justice.

(8)

## CONCLUSION

Based upon the specifics of the argument's mentioned herein with the support of the authorities cited, the petitioner prays that this most honorable court will move to reconsider its June 1, 2004 decision, and vacate the order, to allow further prosecution of this collateral attack in the interest of justice.


Drafted By:

_____
Joseph B. Bey, Jr.
"Next Friend"
21146- 038, F.M.C. Devens
P.O. Box 879
Ayer, MA. 01432

Respectfully,

_____
James M. Foley,
In propria persona
Reg. No. 24314-38
F.M.C. Devens, Box 879
Ayer, MA. 01432


## CERTIFICATE OF SERVICE

I James M. Foley, do hereby affirm and attest that I have mailed a copy of the attached motion and memorandum to the office of the U.S. Attorney, at One Courthouse Way, Boston, Massachusetts, by First Class mail, on this 16th day of June 2004. Signed pursuant to 28 U.S.C. § 1746.

_____
James M. Foley