UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES FOLEY<br>Petitioner-Appellant | )<br>)<br>) |
| v. | )   No. 1:04-CV-11048<br>) |
| UNITED STATES OF AMERICA<br>Respondent-Appellee | )<br>)<br>) |

PETITIONER'S MOTION FOR EXTENSION OF TIME WITHIN WHICH
TO FILE A NOTICE OF APPEAL AND REQUEST FOR THE GRANT OF
OF A CERTIFICATE OF APPEALABILITY

NOW COMES JAMES FOLEY, proceeding In Propria Persona in the above styled action and numbered cause, to be referred herin after as "Petitioner", respectfully moving this most Honorable Court for an extension of time within which to file a notice of appeal and specific request for a certificate of appealability, based upon compelling circumstances beyond his control, (non-receipt of the District Court's Order denying "Motion for Reconsideration" through the mail). With this motion, Petitioner respectfully prays that this most Honorable Court will allow him to properly prosecute an appeal of the constitutional claims raised, but denied by this Court, concerning the §2255 and Motion for Reconsideration. In support of this specific pleading the Petitioner submits the following assertions accompanied with attached exhibits that will aid in establishing that he was not served with notice through the

(2)

prison mail system.

## PROCEDURAL BACKGROUND SUMMARY

The petitioner was charged by the grand jury sitting in the United States District Court for the District of Massachusetts, for the offense of Bank Robbery, in violation of Title 18 U.S.C §2113 (A). Plea negotiations were initiated through counsel, and a plea of guilty was entered. On or about May 15, 2003, petitioner was sentenced by this Court to a term of 151 months incarceration. On the same day of sentencing, petitioner instructed his counsel of record that he wished to appeal the sentence that was imposed, as it was not the sentence counsel made representation of, after asserting he would challenge for a downward departure for diminished capacity and post-offense rehabilitation. Counsel abandoned petitioner's expressed wish for an appeal.

Petitioner is not learned in the law, and through desperation and frustrated with counsel's failure to file an appeal, was compelled to submit a hand-written petition for a Title 28 U.S.C. §2255 to preserve his right of appeal and maintain compliance with the provisions of the AEDPA. Attached to the petition was a hand-written motion requesting the appointment of counsel to assist petitioner in properly litigating his constitutional claims, by helping him submit a memorandum of law in support of his §2255 motion. It is vital to note that

(3)

petitioner had the help of another inmate who wrote the hand-written pleading addressed above. The original petition was signed by petitioner and mailed to this Honorable Court on May 11, 2004.

On or about June 1, 2004, this Honorable Court entered a hand-written order dismissing the petition **sua sponte,** specifically stating:

> "Petition dismissed sua sponte. This Court cannot entertain the described collateral attacks upon the State Court convictions, and the claim of ineffective assistance finds for lack of showing of predjudice. I would not have departed downward, even had formal petition been made, if for no other reason."

On or about June 16, 2004, petitioner filed in and to this Court a motion entitled "Petitioner's Motion For Reconsideration and Specific Memorandum of Law In Support of Petition Filed Pursuant To Title 28 U.S.C. §2255".

On or about September 14, 2004, after not receiving any response from the Court in regards to petitioner's pleading for reconsideration, a letter was mailed to the Clerk of the Court inquiring about the status of the Motion For Reconsideration of petitioner's §2255.

On or about September 23, 2004 petitioner was given a piece of paper that had been the office mail of the prison unit team (without an accompanying envelope or date of mailing) entitled "Notice of Electronic Mailing" with the word "denying" highlighted. (See copy attached). Petitioner asserts that

(4)

he did not receive this "Electronic Order" denying his Motion for Reconsideration until on or about September 23, 2004. Had he been so informed by way of the order being mailed directly to him, this self-styled pleading requesting leave to file a petition for a C.O.A. would not be necessary. As reflected on the attached exhibit entitled "Inmate Request to Staff", inquiring about receipt of legal mail through the prison mail log-in system, there was no legal mail from this Honorable Court between the months of July to October 2004. As such the time for which to file a petition for a timely C.O.A. should be equitably tolled in the interest of fairness and justice.

## SUMMARY OF THE ARGUMENT

The petitioner relies on the support of the equitable tolling provision, in his request for leave to file a petition for a C.O.A. It is conclusive through a careful review of the written record that petitioner filed a timely Motion for Reconsideration based upon this Honorable Court's denial of his §2255 pleading sua sponte. At no time through the authorized prison mail system did petitioner receive "legal mail" that was post-marked or logged into the institutional mail process. It was this failure of notification that gave cause for petitioner's September 15, 2004 letter to the clerk of the court seeking status on the motion for reconsideration. Without being adequately notified, petitioner could not, in a timely manner, file his request for a C.O.A. or file a

(5)

notice of appeal, because without a court's decision such a filing would have been premature. Given the detailed circumstances of a government action beyond petitioner's control, leave to file a timely C.O.A. should be granted.

Secondly, petitioner argues that his Fifth and Sixth Amendment Rights were violated due to deficient performances of counsel. Specifically, petitioner was adamant with counsel of record that he wished to file an appeal, if counsel's assurances that he would vigorously argue for a downward departure on petitioner's diminished capacity, and his extraordinary efforts towards post-offense rehabilitation in an effort to obtain the desired result closer to a 75 month sentence. After the 151 month sentence was imposed by the court, petitioner instructed counsel to file an appeal, to which counsel was responsible for at least filing a timely notice of appeal and a subsequent brief under Anders v. California, if counsel saw no viable issues. Counsel's failure to file the requested appeal cannot be salvaged by the merits of the issues to be raised, such is the reason for an Ander's brief. It is asserted that petitioner be allowed a delayed appeal in the first instance, or this court grant the request for a C.O.A., to allow a full and fair opportunity to litigate the Sixth Amendment claim raised, and to avoid a complete miscarraige of justice.

## MEMORANDUM OF LAW IN SUPPORT OF GRANTING RELIEF REQUESTED

I. BECAUSE PETITIONER WAS NOT GIVEN ADEQUATE NOTICE OF DISTRICT

(6)

COURT'S DENIAL OF "MOTION FOR RECONSIDERATION" UNDER §2255, THE TIME TO FILE FOR A C.O.A. SHOULD BE EQUITABLY TOLLED.

As asserted above, and supported by the lack of a proof of service that petitioner was served through the prison legal mail system, notice of the District Court's denial of his "Motion for Reconsideration", petitioner's request for a C.O.A. should be deemed timely. "In a habeas corpus proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had." 28 U.S.C. §2253. See Browder v. Director, 434 U.S. 257, 265 (1978). Subject to the important qualification that habeas corpus appeals uniquely require issuance by the trial or appellate court a certificate of appealability, (formally a certificate of probable cause) to appeal, such appeals generally proceed according to the requirements of the federal statutes and rules governing federal civil appeals. Rule 11 of the Rules Governing §2255 Proceedings (time for appeal of final order under 28 U.S.C. §2255 determined by Fed. R. App. P. 4 (a)).

Under the applicable statutes and rules, a "final order, decision, or judgement", is generally necessary to give a federal appellate court jurisdiction to hear an appeal. See e.g., Andrews v. United States, 373 U.S. 334, 340, (1963), (standard of finality to which the Court has adhered [in permitting appeals] in habeas corpus proceedings [is] no less exacting" than in other cases). A final order is important as well, because upon its issuance, the 30-day period for filing appeal begins running, placing the aggrieved party in jeopardy of being jurisdictionally precluded from appealing

(7)

should the party fail to perfect the appeal within the prescibed time period. Also see <u>United States v. Hayman</u>, 342 U.S. 205, 209 & n.4 (1952). The final judgement also starts the clock running on the 10-day period for most reconsideration motions in the district court.

When, in a situation such as in the case at bar, pro se petitioner does not receive notice of the court's decision, the time in with which to file his appeal, or a request for the C.O.A. in a habeas corpus proceeding does not begin to toll until notice of the court's decision has been afforded. With this petitioner argues that the September 23, 2004 date in which he was given a copy of an "electronic order" subsequent to him filing a letter to the clerk of the court on or about September 15, 2003 should be the time in which the clock should begin on filing for an appeal or petition for a C.O.A., leaving the deadline of the 60-day period until on or about November 23, 2004.

II. PETITIONER HAS MADE A VIABLE AND SUBSTANTIAL SHOWING DETAILING THE DENIAL OF A CONSTITUTIONALLY PROTECTED RIGHT TO A FIRST APPEAL UNDER THE SIXTH AMENDMENT UPON WHICH A C.O.A. SHOULD BE GRANTED.

The petitioner makes the specific argument in his motion for reconsideration through the aide of a "Next Friend". See <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163 (1990), ("A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person"); id. at 163-64 (critical requirement is that the "next friend...be truly dedicated to the best

(8)

interests of the person on whose behalf he seeks to litigate"). It is and has always been movants contention that he is not only devoid from knowledge in the law, but suffers from a medically documented diminished capacity, of which he requires the assistance of counsel to litigate in his best interest.

Because petitioner was abandoned by his counsel of record after sentencing, although he expressly requested counsel to file a direct appeal, he was compelled to submit a hand-written application under Title 28 U.S.C. §2255, without the benefit of a memorandum of law in support of same. Petitioner sought the appointment of counsel to aid him in the submission of an accompanying memorandum of law for his pleading pursuant to §2255 by submission of a motion to this Court. This Court denied Petitioner's request for relief without compelling a response from the government, at which time Petitioner filed a motion for reconsideration detailing the memorandum of law that supported the Petitioner's claims. To date, Petitioner has not received a written order from the Court addressing or denying his motion for reconsideration.

Petitioner's papers in this litigation raise his trial counsel's alleged ineffectiveness as cause for his failure to pursue his other claims on direct appeal. However, trial counsel's failure to file a requested appeal constitutes an independent ground for habeas relief. See Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed. 2d 985 (2000) ("When counsel's constitutionally deficient perfomances deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective

(9)

assistance of counsel claim entitling him to an appeal"). The Petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal. This is so because the Petitioner has been deprived of his right to a direct appeal whatever the merits of the appeal. See Rodriguez v. United States, 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)(petitioner denied right to appeal where counsel failed to file requested notice of appeal).

The defendant "need not specify what appellate claims [he] lost", and collateral relief is justified unless the Government can show by clear and convincing evidence that the defendant took an appeal, waived his right to appeal, or had independent knowledge of his right to appeal. If a petitioner has successfully shown that the petitioner was denied the right to direct appeal, the proper remedy is to vacate the sentence and remand for resentencing". See Rodriguez, 395 U.S. at 332, 89 S.Ct. 1715 (1969)(remanding to district court for resentencing where trial counsel failed to file a notice of appeal); McHale, 175 F.3d at 119-20 (noting that remand for resentencing or entry of new judgment is usual remedy for counsel's failure to file requested appeal); Hollis v. United States, 687 F.2d 257, 259 (8th Cir. 1982)(vacating sentence and remanding for resentencing where attorney failed to file timely notice of appeal).

The million dollar question is whether counsel's failure to follow Petitioner's expressed request to file an appeal or in the very least follow the provisions of the Local Rules of Appellate Procedure, F.R.A.P. 46.6 and 46.6 (b), entitles him to an

(10)

evidentiary hearing on this Sixth Amendment claim. Local Rule 46.6 provides: "**(a) Trial Counsel's duty to continue to represent Defendant on appeal until relieved by the Court of Appeals.** An attorney who has represented a defendant in a criminal case in the district court will be responsible for representing the defendant on appeal, whether or not the attorney has entered an appearance in the court of appeals, until the attorney is relieved of such duty by the court of appeals. See Local Rule 12 (b). **"(b) Withdrawal by Counsel Appointed in the District Court.** When a defendant has been represented in the district court by counsel appointed under the Criminal Justice Act, the clerk will usually send a "Form for Selection of Counsel on Appeal" to defendant, which asks defendant to select among the following:

- (1) representing him or herself on appeal and proceeding pro se,
- (2) requesting trial counsel to be appointed on appeal to represent defendant on appeal,
- (3) requesting the appointment of new counsel on appeal, or
- (4) retaining private counsel for appeal..."

There are additional procedures that must be followed that are defined under Rule 46.6 (c) entitled "Procedures for Withdrawal in Situations Not Governed by Local Rule 46.6 (b). "This four-step process compels trial counsels to adhere to a specific procedure in withdrawing from a federal criminal case, and is stated as follows:

- (1) The defendant's completed application for appointment of replacement counsel under the Criminal Justice Act or a

(11)

showing that such an application has already been filed with the court and, if defendant has not already been determined to be financially eligible, certification of compliance with Fed. R. App. P. 24, or

(2) An affidavit from the defendant showing that the defendant has been advised that the defendant may retain replacement counsel or apply for appointment of replacement counsel and expressly stating that the defendant does not wish to be represented by counsel but elects to appear pro se; or

(3) An affidavit from the defendant showing that the defendant has been advised of the defendant's rights with regard to the appeal and expressly stating that the defendant elects to withdraw the appeal; or

(4) If the reason for the motion is the frivolousness of the appeal, a brief following the procedure described in Anders v. California, 386 U.S. 738 (1967), must be filed with the court [Counsel's attention is also directed to McCoy v. Court of Appeals, 486 U.S. 429 (1988); Penson v. Ohio, 488 U.S. 75 (1988)]. Any such brief shall be filed only after counsel has ordered and read all relevant transcripts, including trial, change of plea, and sentencing transcripts, as well as the presentence investigation report. Counsel shall serve a copy of the brief and motion on the defendant and advise the defendant that the defendant has thirty (30) days from the date of service in which to file a brief in support of rever-

(12)

sal or modification of the judgment. The motion must be accompanied by proof of service on the defendant and certification that counsel has advised the defendant of the defendant's right to file a separate brief.

If Counsel is unable to comply with (1), (2), or (3) and does not think it appropriate to proceed in accordance with (4), counsel may file an affidavit explaining the difficulty and move to withdraw.

## CONCLUSION

Based upon the fact that Petitioner has not received any order from the District Court, or clerk of the Court, in relation to his timely filed motion for reconsideration of the denial of relief requested pursuant to 28 U.S.C. §2255, it is respectfully prayed that this notice of appeal be accepted as timely. Petitioner additionally moves this Honorable Court to grant a C.O.A. on the Sixth Amendment claim concerning counsel's failure to file requested direct appeal in the interest of fairness and justice.

Respectfully submitted,

Dated: 11/25/04

James Foley
James Foley, Pro Se
Reg. No. 24214-038
F.M.C. Devens, P.O. Box 879
Ayer, MA  01432

CERTIFICATE OF SERVICE

I, James Foley, do hereby affirm and attest that I have mailed a copy of the attached motion to the Office of the U.S. Attorney at One Courthouse Way, Boston, MA 02210, by First Class mail, prepaid on this 25 day of November 2004.

Signed pursuant to Title 28 U.S.C. §1746.

*James Foley*
James Foley
Reg. No. 24214-038
F.M.C. Devens, P.O. Box 879
Ayer, MA  01432

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
| Unit Team | October 25, 2004 |
| FROM: James Foley | REGISTER NO.: 24214-038 |
| WORK ASSIGNMENT: | UNIT: G-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am sending you this request to find out if you have received any legal mail from the U.S District Court for the District of Massachusetts that was logged in through the "legal mail" system and addressed to me between the months of July 1, 2004 up to October 25, 2004.
Thank you.

(Do not write below this line)

DISPOSITION:

I do not see your name in our legal/special correspondence mail log btw. July – October 2004

Signature Staff Member    Date
P. Jenkins                10-29-2004