# United States Court of Appeals

## For the First Circuit



No. 05-1059

JAMES M. FOLEY,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Torruella, Lynch and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: August 28, 2006

Pro se petitioner, James Foley, seeks a certificate of appealability ("COA") on the denial of his section 2255 petition. In order for this court to grant a COA, the movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." <u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000).

Although the petitioner advances several claims in his application, we conclude that only the claims asserted in the original section 2255 petition are properly before us, <u>viz.</u>, 1) that the petitioner should not have been sentenced as a career offender because the enhancement was predicated on invalid state prior convictions; and 2) that his counsel was ineffective in failing to request a downward departure at sentencing based on diminished capacity. We further conclude that the district court's assessment of these claims was not debatable or wrong, and we affirm for substantially the reasons cited in the district court's entry of dismissal. <u>See</u> <u>Daniels</u> v. <u>United States</u>, 532 U.S. 374, 382 (2001) (holding that a habeas petitioner cannot attack the

2006 OCT 19 P 3 51

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

validity or constitutionality of a prior state court conviction used to enhance a federal sentence through a section 2255 petition).

We have determined that the appeal of the petitioner's remaining claims is untimely. The petitioner presented these claims (including claims that his counsel failed to file a direct appeal and that his plea was involuntary) for the first time in a motion for reconsideration, which we treat here as a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e). The time to appeal a Rule 59 motion begins to run at the time that the order denying the motion is entered on the docket, which in this case, was July 7, 2004. See Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a Rule 59(e) motion] must file a notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."). Without more, the petitioner should have filed his notice of appeal by September 6, 2004. See Fed. R. App. P. 4(a)(1)(B) (requiring notice of appeal when the United States is a party to be filed "within 60 days after the judgment or order appealed from is entered").

Here, however, the petitioner claims that he received notice of the denial on September 23, 2004. Under such circumstances, Fed. R. App. P. 4(a)(6) provides an avenue for relief, but the rule contains its own time constraints. See Fed. R. App. P. 4(a)(6) (where moving party did not receive notice from the district court within 21 days after entry, the district court may reopen the time to file an appeal only if, inter alia, "the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier"). Here, the petitioner should have filed his motion to reopen the time to file a notice of appeal within 7 days of receiving the notice. The petitioner moved to extend the time for appeal (which we construe as a motion to reopen the time to file a notice of appeal) on December 2, 2004, nearly two months beyond the date permitted for reopening the time to appeal. His appeal from the motion to reconsider is therefore untimely.

We hasten to add that petitioner's motion for reconsideration "served as a vehicle for suggesting a new and different legal theory as a means of undoing the original denial of relief--no more, no less," Appeal of Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987), cert. denied, 486 U.S. 1055 (1988), and a district court does not abuse its discretion in declining to consider theories raised for the first time in a motion to reconsider. See, e.g., Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003) ("It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.").

The application for a COA is <u>denied</u> and the appeal is <u>terminated</u>.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 10/19/06

MARGARET CARTER

By: _____

Chief Deputy Clerk.

[cc: James M. Foley, Michael J. Sullivan, USA, Dina Michael
Chaitowitz, AUSA ]